HEARING DATE: May 7, 2025 at 10:00 a.m.
OBJECTION DATE: April 30, 2025 at 4:00 p.m.

**Michael L. Moskowitz (mlm@frblaw.com)**
**Melissa A. Guseynov (mguseynov@frblaw.com)**
**FALCON RAPPAPORT & BERKMAN LLP**
*Attorneys for Patricia Jimenez, as Administrator ad*
*Prosequendum of the Estate of Jose Rosalio Vargas-Garcia*
265 Sunrise Highway, Suite 50
Rockville Centre, New York 11570
(516) 599-0888

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 7 Case |
| AA JEDSON COMPANY, LLC, | Case No.: 24-22898 (SHL) |
| Debtor. | |

**MOTION IN SUPPORT OF ORDER GRANTING RELIEF FROM AUTOMATIC STAY TO ALLOW PRE-PETITION CIVIL LITIGATION TO PROCEED**

**TO: THE HONORABLE SEAN H. LANE,**
**UNITED STATES BANKRUPTCY JUDGE**

Patricia Jimenez, as Administrator ad Prosequendum of the Easte of Jose Rosalio Vargas-Garcia ("Jimenez"), a creditor in this Chapter 7 case filed by AA Jedson Company, LLC ("Debtor"), by its attorneys, Falcon Rappaport & Berkman LLP, as and for her motion in support of entry of an order: (i) granting relief from the automatic stay to allow Jimenez to continue certain pre-petition civil litigation against third party insurance proceeds; and (ii) granting such further and different relief to Jimenez as the Court deems just and proper in the circumstances ("Motion"), respectfully represents as follows:

**PRELIMINARY STATEMENT**

1.    By this Motion, Jimenez seeks entry of an order pursuant to section 362(d) of title 11 of the United States Code § 101, *et seq*., of the Bankruptcy Code ("Bankruptcy Code"), lifting the automatic stay with respect to a pre-petition lawsuit currently pending in the State of New Jersey (as explained in further detail below), in which Jimenez is the Plaintiff and Debtor is a defendant.

2. It is respectfully submitted that the lifting of the automatic stay is proper in this case for three principal reasons. First, it will allow Jimenez's claims to be liquidated. Second, the recovery will not deplete Debtor's assets, as Jimenez has agreed, if successful and her claim is paid in full, to limit her pre-petition claim against Debtor to the proceeds available under Debtor's insurance policy. Third, Jimenez will be prejudiced by the delay caused by the continuation of the automatic stay.

## CASE BACKGROUND

3. On October 18, 2024 ("Petition Date"), Debtor filed a voluntary petition for relief in accordance with chapter 7 of Title 11, United States Code ("Bankruptcy Code") in this Court.

4. On October 22, 2024, Marianne T. O'Toole, Esq. was appointed as chapter 7 trustee of Debtor's estate.

## PRE-PETITION LITIGATION

5. On or about September 9, 2022, Jose Rosalio Vargas-Garcia ("Vargas-Garcia"), spouse of Jimenez, died at a building construction site after a fall from certain construction equipment.

6. On or about April 11, 2023, letters of administration ad prosequendum were granted by the Probate Division of the Superior Court of New Jersey by the Hudson County Surrogate's Office to Jimenez for the purpose of prosecuting a claim on behalf of the estate of Vargas-Garcia.

7. Prior to the Petition Date, on or about June 8, 2023, Jimenez, through her attorneys, filed a complaint and jury demand against Debtor, among others, seeking damages for losses resulting from the injury and death of Vargas-Garcia in the Superior Court of New Jersey, Law Division, Hudson County, Docket Number HUD-L-002012-23 ("State Court Action"). The complaint was subsequently amended on January 22, 2024.

8.     As a result of the commencement of Debtor's bankruptcy case, the continuation of the State Court Action was stayed by operation of Section 362 of the Bankruptcy Code.

9.     Jimenez desires relief from the automatic stay imposed by Section 362(a) of the Bankruptcy Code to pursue the State Court Action to conclusion. In the event Plaintiff is successful in the State Court Action and Debtor is ordered to pay Plaintiff's claim in full, she has agreed to limit her pre-petition claim against Debtor to the proceeds available under the Debtor's insurance policy.

### JIMENEZ IS ENTITLED TO RELIEF FROM AUTOMATIC STAY

10.     Section 362(d)(1) of the Bankruptcy Code states that the court shall grant relief from the automatic stay "for cause, including lack of adequate protection." 11 U.S.C. § 362(d)(1). Since the Bankruptcy Code does not define "cause," it is determined on a case-by-case basis. *Sonnax Indus. v. TriComponent Prods. Corp.*, 907 F.2d 1280, 1285 (2d Cir. 1990). Once a movant demonstrates an initial showing of "cause," Section 362(g) of the Bankruptcy Code shifts the burden to the debtor to show why the stay should not be lifted. *See e.g., In re Anton*, 145 B.R. 767, 769 (Bankr. E.D.N.Y. 1992) (stating that "[a]lthough the creditor must make a prima facie case, the Debtor has the ultimate burden of persuasion.").

11.     It is well-established that relief from the automatic stay may be granted to continue litigation against a debtor in another forum. In *Sonnax Indus. v. Tri Component Prods. Corp.*, the Second Circuit established a twelve-factor analysis to determine whether such relief is appropriate, including the following:

- whether relief would result in a partial or complete resolution of the issues;
- lack of any connection with or interference with the bankruptcy case;
- whether the other proceeding involves the debtor as a fiduciary;
- whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
- whether the debtor's insurer has assumed full responsibility for defending it;

3

- whether the action primarily involves third parties;
- whether litigation in another forum would prejudice the interests of other creditors;
- whether the judgment claim arising from the other action is subject to equitable subordination;
- whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
- the interests of judicial economy and the expeditious and economical resolution of litigation;
- whether the parties are ready for trial in the other proceeding; and
- the impact of the stay on the parties and the balance of harms.

12. Not all of the *Sonnax* factors are relevant in every case, and the Court need not assign equal weight to each factor. *Id.* (concluding that only four of the factors were pertinent); *see also In re Quigley Co.*, 361 B.R. 723 (Bankr. S.D.N.Y. 2007); *In re Anton*, 145 B.R. 767, 770 (Bankr. E.D.N.Y. 1992).

13. In this case, several of the factors are relevant and all weigh heavily in favor of modifying the automatic stay to allow Jimenez to continue with the State Court Action:

- Lifting the stay to allow the State Court Action to proceed will resolve all issues between Debtor and Jimenez. If the Court allows Jimenez to prosecute her claims to conclusion, the relationship between Jimenez and Debtor will be over. Thus, the first factor greatly favors lifting the automatic stay.

- Since Jimenez only seeks to litigate the State Court Action and, if successful, obtain proceeds through Debtor's available insurance coverage and does not seek relief from the automatic stay to attach property of Debtor, such relief does not interfere with the bankruptcy case. Therefore, the second factor weighs in support of Jimenez.

- Since Debtor has applicable insurance coverage through its insurance policy, allowing the litigation to proceed does not prejudice Debtor. Here, Debtor is fully insured, and, as stated above, in the event Jimenez is successful in the State Court Action, she has agreed to limit his pre-petition claim against Debtor to the proceeds available under Debtor's insurance policy. Consequently, factor five strongly favors lifting the stay.

- Granting relief from the automatic stay in this circumstance will not prejudice other creditors, as Jimenez has agreed to limit her claim against Debtor to the insurance policy proceeds. Thus, recovery by Jimenez will not negatively impact the rights of other creditors in this case, and factor seven favors Jimenez.

4

- On the other hand, continuing the automatic stay will impose substantial hardships on Jimenez that far outweigh any hardship to Debtor. First, the State Court Action remains in limbo due to the imposition of the automatic stay. In addition, forcing Jimenez to further delay the State Court Action puts her at a considerable disadvantage due to preservation of evidence issues and potential loss of witnesses, as well as the length of time it will take to receive an award. Accordingly, the twelfth factor favors lifting the automatic stay.

14. After applying the articulated factors, it is clear that the interests of judicial economy will be served by lifting the automatic stay to permit Jimenez to litigate the State Court Action. In view of the foregoing, the Court should grant the Motion in its entirety.

15. Jimenez waives the thirty (30)-day hearing requirement set forth in Section 362(e)(1) of the Bankruptcy Code.

16. It is respectfully submitted that a memorandum of law is not necessary, as there are no novel issues of law presented in this Application.

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, Movant respectfully requests this Court enter an order substantially in the form of the proposed orders either: (i) granting relief from the automatic stay to allow certain pre-petition litigation to proceed; and (ii) granting such further and different relief to Jimenez as the Court deems just and proper in the circumstances, including waiving Fed.R.Bankr. 4001(a)(4).

Dated: Rockville Centre, New York
     April 14, 2025

Respectfully submitted,

**FALCON RAPPAPORT & BERKMAN LLP**
*Attorneys for Jimenez*

By: */s/ Michael L. Moskowitz*
    **MICHAEL L. MOSKOWITZ**
265 Sunrise Highway, Suite 50
Rockville Centre, New York 11570
(516) 599-0888

5